DISTRICT COURT OF PERTH AMBOY.

PERTH AMBOY TRUST COMPANY, A CORPORATION, PLAINTIFF, v. THE MODERN SCHOOL ASSOCIATION OF NORTH AMERICA, MAX GOLDSMITH AND JONAH GOLDSMITH, DEFENDANTS.

For the plaintiff, *Harry S. Medinets.*

For the defendant Modern School Association of North America, *Fred Dahmer.*

GOLDBERGER, J. This is an action upon a promissory note, brought by the endorsee against the maker, Modern School Association of North America, and Max Goldsmith and Jonah Goldsmith as endorsers. The endorsers do not defend.

On the back of said note appear the following words "accepted in full payment for balance due as per contract dated June 18th, 1930." It is therefore contended that the said note is non-negotiable, and that the plaintiff takes the same subject to all equities. Counsel refers to case of *International Finance Corp.* v. *Calvert Drug Co.*, 124 *Atl. Rep.* 891, as confirming his contention, with which opinion, however, I do not agree. In that case the words "as per Relio contract for amount and date shown hereon" followed the words "accepted for payment." In that case the acceptance stated a condition upon which payment was to be made. In other words, using plain language, the acceptor practically said "I will agree to make this payment in accordance with the terms and conditions set forth in the Relio contract."

The memorandum on the back of the note in question was

intended by the maker (who I presume wrote the same) to merely identify the transaction in connection with which the note was given. In other words, the *payee* said to the *maker:* "I accept your note of $175 in full for balance due as per contract dated June 18th, 1930."

The mere fact that a note refers to some transaction or that it was given in payment of some chattels, does not make the note non-negotiable, and will not allow the maker to set up equities as against *bona fide* endorsers for value. *Brannan's Negotiable Instrument Law* (4th ed.Q 43, &c.; *Continental Guaranty Corp.* v. *People's Bus Line,* 117 *Atl. Rep.* 275.

In determining whether or not a reference in a note to an extraneous writing renders a note non-negotiable, the court is, of course, confined to its examination of the note itself, and cannot look to the provision of the extraneous writing for assistance. It is the negotiability of the note which is being determined, and *not* the extraneous writing. *Waterbury-Wallace Co.* v. *Ivey,* 99 *N. Y. Mis. R.* 260; 163 *N. Y. Supp.* 719.

In the last said case the court held that the words "as per contract of November 12th, 1915," as found in the note, did not make the note non-negotiable.

In 3 *R. C. L.* 883, ¶ 69, it is said:

"It may be stated as the general rule that whenever a bill of exchange or promissory note contains a reference to some extrinsic contract in such a way as to make it subject to the terms of that contract as distinguished from a reference importing merely that the extrinsic agreement was the origin of the transaction, or constitutes the consideration of the bill or note, the negotiability of the paper is destroyed."

But the same work at section 112, page 918, holds that:

"The negotiability of a note is not affected by a reference which is simply a recital of the consideration fo? which the paper was given, or a statement of the origin of the transaction, or by a statement that it is given in accordance with the terms of a contract of even date between the same parties."

An unqualified order or promise is unconditional as within the meaning of the Negotiable Instrument law of this state, though coupled with * * * a statement of the transaction which gives rise to the instrument. 3 *Comp. Stat.*, p. 3735.

Having held, as I do, that the note in question is a negotiable one, it is not necessary for me to decide whether or not the defendant Max Goldsmith complied with the agreement referred to in the contract, although I am of the opinion that the Modern School Association has not proven its allegations of default on the part of the said Max Goldsmith.

Judgment for the plaintiff.